UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY JAMES RAGER,<br>Plaintiff<br>v.<br>JOE LOMBARDO, et al.,<br>Defendants | Case No. 3:26-cv-00131-ART-CLB<br>ORDER |

## I. DISCUSSION

Plaintiff Gregory Rager, who is incarcerated in the custody of the Nevada Department of Corrections, has submitted a Motion for Clarification, a Motion for Counsel, and a Motion for Records. (ECF Nos. 13, 14, 15.) The Court will address each motion in turn.

### A. Motion for Clarification

In his Motion for Clarification, Plaintiff requests that the Court provide him with "a correct reading of NRS [§] 205.060," which is a Nevada statute defining burglary. (ECF No. 13 at 1.) Plaintiff states that he needs the Court to provide the proper definition of NRS § 205.060 because it is necessary for the amendment of his dismissed complaint. (*Id.* at 2.)

Though courts are less stringent with motions and pleadings from a pro se plaintiff, a court can neither litigate the case nor conduct legal research for a pro se plaintiff. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Therefore, the Court will not provide Plaintiff with a legal interpretation of NRS § 205.060. *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). The Motion for Clarification is, therefore, denied without prejudice. Plaintiff's amended complaint is still due by **November 13, 2026**.

### B. Motion for Counsel

In his motion, Plaintiff requests counsel because without counsel he cannot draft an amended complaint by November 13, 2026. (ECF No. 14 at 2.) He states that the

Defendants are not allowing him access to the law library and any form of communication outside the prison. (*Id.*)

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Here, the Court does not find extraordinary circumstances that warrant the appointment of counsel. Many inmate-plaintiffs state that they have limited access to the law library during their incarceration. *See, e.g.*, *Baker v. Macomber*, No. 2:15-CV-00248-TLN-AC, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020) (finding that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"). And if Plaintiff cannot access the law library before the deadline to file the amended complaint, he can seek another extension. Therefore, the Court denies the Motion for Counsel (ECF No. 14) without prejudice.

**C. Motion for Records**

In his Motion for Records, Plaintiff requests that the Court order the Clark County Detention Center ("CCDC") to release various records concerning his booking and release at CCDC on January 4, 2024. (ECF No. 15 at 2.) This case is currently in the screening stage, so any discovery request at this stage of the litigation is premature. Therefore, the Court denies the Motion for Records as premature.

**II. CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the following motions are denied

without prejudice: Motion for Clarification (ECF No. 13), Motion for Counsel (ECF No. 14), and Motion for Records (ECF No. 15).

It is further ordered that Plaintiff must file his amended complaint by **November 13, 2026**.

DATED THIS 2nd day of November 2026.

UNITED STATES MAGISTRATE JUDGE